UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) INFORMATION NO. |
| v. | ) |
| | ) 18 U.S.C. § 371 |
| | ) Conspiracy |
| PETER EFTHIMIOU | ) |
| A/K/A STEVE MURDOCK | ) |

CR419-156

THE UNITED STATES ATTORNEY CHARGES THAT:

Introduction

At all times material to this Information:

1. Beginning no earlier than December 2017 and continuing through April 2019, Peter Efthimiou a/k/a Steve Murdock, together with known and unknown co-conspirators, in the Southern District of Georgia and elsewhere, conspired to engage in an international fraud and kickback scheme targeted at the Medicare program that led to over $122 million in fraudulent claims being submitted for genetic testing, durable medical equipment, and pain creams.

2. The Medicare Program, a "health care benefit program" as defined by 18 U.S.C § 24, is a federally-funded health insurance system for eligible persons 65 years of age and older, and certain disabled persons. Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services.

3. The Medicare Advantage Program, known as Medicare Part C, offers

1

beneficiaries a managed care option by allowing individuals to enroll in private health plans rather than having their care covered through Medicare Part A and Part B. CMS contracts with Medicare Advantage programs to provide medically necessary health services to beneficiaries; in return, CMS makes monthly payments for enrolled beneficiaries to the Medicare Advantage programs.

4. After receiving a Medicare National Provider Identifier ("NPI") and Provider Transaction Access Number, a provider can submit bills to Medicare, known as "claims," in order to obtain reimbursement for items or services provided to Medicare beneficiaries. Claims to Medicare are typically submitted electronically and require certain information, including (a) the Medicare beneficiary's name and identification number, (b) identification of the benefit, item, or service provided or supplied to the Medicare beneficiary, (c) the billing code for the benefit, item, or service, (d) the date upon which the benefit, item, or health services was provided, and (e) the name and NPI of the medical practitioner who ordered the service, treatment, benefit, or item.

5. To qualify for payment, the health care benefit, item or service must have been ordered by a licensed medical practitioner, medically necessary, provided as billed, and provided in compliance with applicable laws.

## COUNT ONE
*Conspiracy*
18 U.S.C. § 371

6. The allegations of paragraphs 1 through 5 of this Indictment are hereby realleged and incorporated as if fully set forth herein.

7. Beginning no earlier than December 2017, the exact date being unknown, and continuing thereafter until at least in or about April 2019, within the Southern District of Georgia and elsewhere, Efthimiou did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to commit one or more offenses against the United States, that is, to use of the mail and a facility in interstate or foreign commerce, with intent to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, that is, commercial bribery in violation of the laws of the State of Texas, Penal Code § 32.43, and thereafter performed and attempted to perform acts to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, all in violation Title 18, United States Code, Section 1952(a)(3).

## Purpose of the Conspiracy

8. It was the purpose of the conspiracy for Efthimiou and others to enrich themselves and maximize profits at the expense of the United States and Medicare patients in the following scheme.

## Manner and Means of the Conspiracy

9. It was part of the conspiracy that, beginning at least as early as January 2017, the exact date being unknown, and continuing thereafter until at least in or about April 2019, Efthimiou and others were part of a nationwide "telemedicine" scheme:

   a. During the relevant time period, Efthimiou, with others, owned and operated companies located in Texas and elsewhere that were a part of a nationwide "telemedicine" scheme.

   b. Individuals known and unknown to Efthimiou, and with no involvement by Efthimiou, developed a scheme that targeted the Medicare program to obtain millions of dollars in reimbursement for orthotics and other items.

   c. Individuals known and unknown to Efthimiou, and with no involvement by Efthimiou, obtained the identities and insurance information of Medicare and other elderly patients through a series of call centers.

   d. Individuals known and unknown to Efthimiou, and with no involvement by Efthimiou, sought to sell this information to durable medical equipment companies or pharmacies, located within numerous districts across the country, including, among others, Georgia, Florida, and California.

   e. Individuals known and unknown to Efthimiou, and with no involvement by Efthimiou, who were located within numerous districts across the country, including, among others, Georgia, Florida, and California, sought to purchase this information in order to ultimately bill to Medicare and other payors for items ordered for these beneficiaries.

10. For his role in the scheme, Efthimiou, together with others, identified physicians to write orders for braces and other items so that the items could be billed

to Medicare and other federal health program beneficiaries, in exchange for a payment to these physicians. As a further part of his role, Efthimiou, together with others, facilitated the payment from others to the physicians.

11. The co-conspirators knew that physicians owed a fiduciary duty to any patient they "treated," even through a "telemedicine" arrangement.

12. Efthimiou and co-conspirators offered, conferred, or agreed to confer a benefit, that is, a fee per diagnostic consultation performed by physicians, to such physicians, fiduciaries as defined by law, and that such physicians intentionally or knowingly accepted such fee on agreement or understanding that the benefit would influence the conduct of the physicians, including K.B., a resident of the Southern District of Georgia, in relation to their patients, who are beneficiaries, all in violation of Texas, Penal Code § 32.43.

13. Efthimiou used facilities in interstate or foreign commerce, with intent to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on this "telemedicine" scheme, including internet-based programs used to sign digitally and transmit medical records that could be sent to companies located across the country, including to the ultimate purchasers, all in violation of Title 18, United States Code, Section 1952(a)(3).

Overt Acts

14. Efthimiou and co-conspirators offered, conferred, or agreed to confer a benefit, that is, a fee per diagnostic consultation performed by physicians, to such physicians, fiduciaries as defined by law, and that such physicians intentionally or

knowingly accepted such fee on agreement or understanding that the benefit would influence the conduct of the physicians, including K.B., a resident of the Southern District of Georgia, in relation to their patients, who are beneficiaries, all in violation of Texas, Penal Code § 32.43.

15. Efthimiou used facilities in interstate or foreign commerce, with intent to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on this "telemedicine" scheme, including internet-based programs used to sign digitally and transmit medical records that could be sent to companies located across the country, including to the ultimate purchasers, all in violation of Title 18, United States Code, Section 1952(a)(3).

All in violation of Title 18, United States Code, Section 371.

Bobby L. Christine
United States Attorney

J. Thomas Clarkson
Assistant United States Attorney
*Lead Counsel

Karl Knoche
Assistant United States Attorney
Chief, Criminal Division

Jonathan A. Porter
Assistant United States Attorney
*Co-lead Counsel