**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2019 NOV -7  PM 5: 05

CLERK_____
SO. DIST. OF GA.

UNITED STATES OF AMERICA    )
                            )
                            )
v.                          )        **CR: 419-156**
                            )
PETER EFTHIMIOU             )
A/K/A STEVE MURDOCK         )

## PLEA AGREEMENT

Defendant Peter Efthimiou a/k/a Steve Murdock, represented by his counsel

Daniel K. Hagood, and the United States of America, represented by Assistant United

States Attorneys J. Thomas Clarkson and Jonathan A. Porter, have reached a plea

agreement in this case. The terms and conditions of that agreement are as follows.

1.    Guilty Plea

Defendant, having been advised of the right to be charged by Indictment,

agrees to waive that right and enter a plea of guilty to Count One of the Information,

which charges a violation of 18 U.S.C. § 371, Conspiracy.

2.    Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that

two or more persons in some way agreed to try to accomplish a shared and unlawful

plan; (2) that the Defendant knew the unlawful purpose of the plan and willfully

joined in it; (3) that, during the conspiracy, one of the conspirators knowingly engaged

in at least one overt act as described in the Information; and (4) that the overt act

was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Beginning no earlier than December 2017, the exact date being unknown, and continuing thereafter until at least in or about April 2019, within the Southern District of Georgia and elsewhere, Efthimiou did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to commit one or more offenses against the United States, that is, to use of the mail and a facility in interstate or foreign commerce, with intent to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, that is, commercial bribery in violation of the laws of the State of Texas, Penal Code § 32.43, and thereafter performed and attempted to perform acts to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, all in violation Title 18, United States Code, Section 1952(a)(3).

It was part of the conspiracy that, beginning at least as early as January 2017, the exact date being unknown, and continuing thereafter until at least in or about April 2019, Efthimiou and others were part of a nationwide "telemedicine" scheme:

- During the relevant time period, Efthimiou, with others, owned and operated companies located in Texas and elsewhere that were a part of a nationwide "telemedicine" scheme.

2

$ƒSE$

- Individuals known and unknown to Efthimiou, and with no involvement by Efthimiou, developed a scheme that targeted the Medicare program to obtain millions of dollars in reimbursement for orthotics and other items

- Individuals known and unknown to Efthimiou, and with no involvement by Efthimiou, obtained the identities and insurance information of Medicare and other elderly patients through a series of call centers.

- Individuals known and unknown to Efthimiou, and with no involvement by Efthimiou, sought to sell this information to durable medical equipment companies or pharmacies, located within numerous districts across the country.

- Individuals known and unknown to Efthimiou, and with no involvement by Efthimiou, who were located within numerous districts across the country, including, among others, Georgia, Florida, and California, sought to purchase this information in order to ultimately bill to Medicare and other payors for items ordered for these beneficiaries.

- For his role in this scheme, Efthimiou, together with others, identified physicians to write orders for braces and other items so that the items could be billed to Medicare and other federal health program programs, in exchange for a payment to these physicians.  As a further part of his role, Efthimiou, together with others, facilitated the payment from others to the physicians.

- The co-conspirators knew that physicians owed a fiduciary duty to any patient they "treated," even through a "telemedicine" arrangement.

3

- Efthimiou and co-conspirators offered, conferred, or agreed to confer a benefit, that is, a fee per diagnostic consultation performed by physicians, to such physicians, fiduciaries as defined by law, and that such physicians intentionally or knowingly accepted such fee on agreement or understanding that the benefit would influence the conduct of the physicians, including K.B., a resident of the Southern District of Georgia, in relation to their patients, who are beneficiaries, all in violation of Texas, Penal Code § 32.43.

- Efthimiou used facilities in interstate or foreign commerce, with intent to otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on this "telemedicine" scheme, including internet-based programs used to sign digitally and transmit medical records that could be sent to companies located across the country, including to the ultimate purchasers, all in violation of Title 18, United States Code, Section 1952(a)(3).

All done in violation of Title 18, United States Code, Section 371.

3.   Possible Sentence

Defendant's guilty plea will subject him to the following maximum possible sentence: 5 years' imprisonment, 3 years' supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

4

4.    No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw his plea of guilty if he receives a more severe sentence than he expects.

5.    Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6.    Agreements Regarding Sentencing Guidelines

a.    Use of Information

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range. Any incriminating information provided by

5

the defendant during his cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

    b.    Acceptance of Responsibility

The government will not object to a recommendation by the U.S. Probation Office that Defendant receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines. If the U.S. Probation Office makes that recommendation, and Defendant's offense level is 16 or greater prior to any reduction for acceptance of responsibility, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on Defendant's timely notification of his intention to enter a guilty plea.

    c.    Section 2B4.1 Applies to this Offense

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that, following the cross reference from Section 2E1.2, Section 2B4.1 applies.

    d.    Amount of Improper Benefit Conferred

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that the value of the bribe, for purposes of Section 2B4.1 of the Sentencing Guidelines, is more than $550,000 and less than $1,500,000.



e.     Minor or Minimal Participant

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that Defendant was a minor or minimal participant in the criminal activity for purposes of Section 3B1.2 of the Sentencing Guidelines.

f.     No Other Enhancements

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that no other enhancements apply.

7.     Cooperation

a.     Complete and Truthful Cooperation Required

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in his Information and any related offenses. Defendant shall fully and truthfully disclose his knowledge of those offenses and shall fully and truthfully answer any question put to him by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. His benefits under this agreement are conditioned only on his cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b.     Motion for Reduction in Sentence Based on Cooperation

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed.

7



R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

8.    Financial Obligations and Agreements

    a.    Restitution

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that restitution is $987,750.

    b.    Special Assessment

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

    c.    Release of Appearance Bond

Defendant authorizes the Clerk of the United States District Court to release the funds posted as security for an appearance bond in this case to be applied to satisfy any of the financial obligations including forfeiture imposed by judgment of the Court in this case.

    d.    Required Financial Disclosures

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all his assets and financial interests, whether held directly or indirectly, solely or jointly, in his name or in the name of another.

8



Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

 e. Financial Examination

Defendant will submit to an examination under oath on the issue of his financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

 f. No Transfer of Assets

Defendant certifies that he has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon him by the Court at sentencing. Defendant promises that he will make no such transfers in the future.

 g. Material Change in Circumstances

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.



### h.    Enforcement

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

### 9.    Waivers

#### a.    Waiver of Appeal

Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

#### b.    Waiver of Collateral Attack

10

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

c.      FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d.      Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or his plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

10.      Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty,

11



including:  the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

11.    Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12.    Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines.    In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement.  Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.



13.    Entire Agreement

This agreement contains the entire agreement between the government and

Defendant.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____                    _____
Date                             Karl I. Knoche
                                 Chief, Criminal Division

_____                    _____
Date                             J. Thomas Clarkson
                                 Georgia Bar No. 656069
                                 Assistant United States Attorney

9/24/2019                        _____
Date                             Jonathan A. Porter
                                 Georgia Bar No. 725457
                                 Assistant United States Attorney

13

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

20 Sept 2019
Date

_____

Peter Efthimiou a/k/a Steve Murdock
Defendant

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

20 Sept 2019
Date

_____

Daniel K. Hagood
Defendant's Attorney

14