IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 4:19-CR-156-001 |
| PETER EFTHIMIOU, | ) | |
| Defendant, | ) | ***EX PARTE* FILING** |
| | ) | |
| PROSPERITY BANK, | ) | |
| | ) | |
| Garnishee. | ) | |

### *EX PARTE* APPLICATION FOR WRIT OF GARNISHMENT

The United States of America herein applies, *ex parte*, under 18 U.S.C. § 3613 and 28 U.S.C. §§ 3002, 3202 and 3205 of the Federal Debt Collection Procedures Act ("FDCPA") for issuance of a Writ of Garnishment for substantial nonexempt property belonging to or due to Defendant-Judgment Debtor, Peter Efthimiou ("Defendant-Judgment Debtor"). In support of this Application, the United States shows the following:

DEFENDANT'S CRIMINAL CONVICTION AND POST-JUDGMENT LIEN

1.   This Court imposed judgment against Defendant-Judgment Debtor Peter Efthimiou on June 16, 2020 and ordered him to pay $987,750.00 in criminal restitution as well as a $100.00 special assessment. [Doc. 39.] As of the date of this pleading, the sum of $14,100.00 has been credited to the above debt, leaving the Defendant-Judgment Debtor with a balance of $973,750.00. *See* Exhibit A (Declaration of Margrita Brady, Paralegal Specialist).

2.   Not less than 30 days has elapsed since demand for payment of the debt was made upon the Defendant-Judgment Debtor and the Defendant-Judgment Debtor has failed to fully satisfy this debt. 28 U.S.C. § 3205(b)(1)(B).

3.   Defendant-Judgment Debtor's social security number is \*\*\*-\*\*-8862, and his last known addresses are in Little Elm, Texas 75068 <u>AND</u> in Sherman, Texas 75092.  Upon

information and belief, the Defendant-Judgment Debtor is in the process of moving. He will be served at both addresses. *See* 28 U.S.C. § 3205(b)(1)(A).

4.     Pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arose against all of the Defendant-Judgment Debtor's property and rights to property. 18 U.S.C. § 3613(a), (c). The United States may enforce a judgment imposing a fine and/or restitution in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. 18 U.S.C. § 3613(a), (f).

5.     As part of his plea agreement with the United States, Defendant agreed that "[a]ny payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case." [Doc. 18.]

## THE FUNDS AT ISSUE

6.     To enforce the judgment entered against Defendant Judgment-Debtor Peter Efthimiou in this matter, the United States seeks to garnish funds held in the bank account(s) belonging to the Defendant-Judgment Debtor at Prosperity Bank.

7.     The Federal Debt Collection Procedures Act "provides 'the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a 'fine, assessment, penalty, [or] restitution' in favor of the United States." *United States v. Bradley*, 644 F.3d 1213, 1309 (11th Cir. 2011) (quoting 28 U.S.C. §§ 3001(a)(1), 3002(3)(B), 3002(8)). The Act provides the United States with several remedies to satisfy a judgment, one of which is to obtain a writ of garnishment "against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

8. A "Garnishee" "means a person (other than the debtor) who has, or is reasonably thought to have possession, custody, or control of any property in which the debtor has a substantial nonexempt interest, including any obligation due the debtor or to become due the debtor, and against whom a garnishment under section 3104 or 3205 is issued by a court." 28 U.S.C. § 3002(7).

9. An order to pay a fine and/or restitution issued as part of a criminal sentence is a lien in favor of the government on all property and rights to property of the defendant, as if the defendant's liability were a tax liability assessed under the Internal Revenue Code. *See* 18 U.S.C. §§ 3613(c), 3663A(c)(1)(A)(ii) (except certain limited property that is exempt from levy for taxes pursuant to § 6334(a)(1)-(8), (10), and (12) of the Internal Revenue Code); *See also* 18 U.S.C. § 3613(a)(1),(f); *United States v. Souffrant*, No. 14–11440, 2015 WL 1380150, at **1 (11th Circuit. March 27, 2015).

10. The Federal Debt Collection Procedures Act preempts state exemptions and, therefore, only property rights exempted from levy for taxes are exempt from garnishment to satisfy a federal criminal fine and/or restitution. *See* 18 U.S.C. § 3613(a)(1), (2); *Souffrant*, No. 14-11440 at **1. Funds held in a bank account are not exempt from garnishments under the Federal Debt Collection Procedures Act. *Id.*; *See also United States v. Lee*, 504 Fed. Appx. 505, 507 (7th Cir. 2013) (affirming garnishment of bank account for partial satisfaction of outstanding restitution); *United States v. Phillips*, No. 3:06-cr-00016-DHB-BKE, Docket No. 96, at *2 (S.D. Georgia, Dublin Division, July 3, 2014) (available on Pacer) (ordering garnishment of the entirety of defendant's savings account for partial payment of criminal fine).

11. The name and address of the Garnishee or its authorized agent is: **Prosperity Bank, Registered Agent: Charlotte M. Rasche, 80 Sugar Creek Center Blvd., Sugar Land, Texas 77478.**

12. The United States believes the Garnishee to be in possession of property in which Defendant-Judgment Debtor has a substantial non-exempt interest, and said property is a nonexempt interest of the Defendant-Judgment Debtor.

13. Section 3205(c)(1) of Title 28 provides that "if the court determines that requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment." 28 U.S.C. § 3205(c)(1).

14. The United States will serve the Garnishee and the Defendant-Judgment Debtor with a copy of the Writ of Garnishment once issued, and will certify to the Court that this service was made. *See* 28 U.S.C. 3205(c)(3). The Writ will be accompanied by instructions to the Defendant-Judgment Debtor for objecting to the Answer of the Garnishee and for requesting a hearing on the objections. *Id.*

## CONCLUSION

Based upon the foregoing, the United States of America respectfully requests the Court to enter an Order granting this *ex parte* application, issuing a Writ of Garnishment, and directing the Clerk of Court to issue a Clerk's Notice of Garnishment, which will be prepared by counsel for the United States and provided to the Clerk in accordance with 28 U.S.C. § 3202(b). A proposed Order and Writ are attached for the Court's consideration.

This 3rd day of December 2021.

Respectfully submitted,

DAVID H. ESTES
United States Attorney

*/s/Mary Susan Robichaux*
Assistant United States Attorney
Georgia Bar Number 787997
Post Office Box 8970
Savannah, Georgia 31412
Telephone: (912) 652-4422
Facsimile: (912) 652-4227
Mary.Robichaux@usdoj.gov